IRA A. PRATT, JOSEPH TILLOTSON and HENRY ASSELSTYNE, *v.* The Town of SWANTON.

A town-meeting warned on the 1st day, and holden on the 12th day, of the same month, is irregular, and its proceedings are not binding on the town.

A subsequent treating of such meeting as valid, either by the town officers or by any portion of the inhabitants of the town, will not be sufficient to ratify the proceedings of the meeting on the part of the town.

Towns cannot be made liable for the expense of building a road, by subsequently repairing the same, and suffering the public to use it as a highway.

ASSUMPSIT on a contract for building a bridge across Charcoal creek in Swanton.

Plea, non assumpsit, and trial by jury.

On the trial in the county court, the plaintiffs offered in evidence, a contract, dated the 22d of January, 1841, signed by Bradford Scott and Henry Asselstyne, second, of the one part, professing to act as a committee of the town of Swanton, and by the plaintiffs, of the other part, whereby the plaintiffs engaged to build said bridge ; and the said Scott and Asselstyne, on behalf of said town, promised to pay them a certain sum therefor,—which contract was admitted by the court.

The plaintiffs then offered in evidence, a copy of the record of the proceedings of a meeting of the inhabitants of said town, holden on the 12th day of January, 1841, at which meeting said Scott and Asselstyne were appointed a committee to contract for the building of said bridge—which was objected to, by the defendants, and excluded by the court, on the ground that the plaintiffs did not show any previous warning of said meeting.

The plaintiffs then offered the record of the warning of said meeting, which was objected to by the defendant, and excluded by the court, on the ground that the warning was dated January 1, 1841, and the meeting was warned to be holden on the 12th of the same month.

The plaintiffs then offered to prove, that the meeting of the 12th of January, was fully attended by the inhabitants of said town ; that the selectmen and town clerk, and other town officers were present, and that no objections were made to the legality of the meeting ; that, after the meeting, the

said committee obtained from the town clerk, a copy of the record of its proceedings, and showed the same to the plaintiffs, which was one inducement to their making the contract in question ; that the town, at a legally warned meeting, holden on the 28th of the same January, affirmed the proceedings of the said meeting of the 12th, in relation to another bridge, then voted to be built across McQuam creek, and for which the town subsequently paid—it having been built under a contract made in behalf of the town, by a committee chosen for that purpose, at the meeting of the 12th ; and that, until a short time previous to said trial, said meeting of the 12th, had been considered and treated as legal and valid by said town of Swanton, and the officers thereof. This evidence was objected to by the defendant, and excluded by the court.

The plaintiffs then offered to show, under the general count in the declaration, that they built the bridge in question, in a public highway that had been travelled by the public for more than thirty-five years ; that, ever since the building of the same, the people of Swanton, and the public, had used the bridge, which had thereby become the property of the town ; and, that said bridge was highly necessary for the travelling public. To this evidence the defendant objected, and it was excluded by the court. A verdict was, thereupon, returned for the defendant. To all which decisions of the court, the plaintiffs excepted.

*N. L. Whittemore* and *J. Smith,* for plaintiffs.

It is contended by the plaintiffs,

1. That the warning for the meeting, holden on the 12th of January, was sufficient.

2. But, if defective, the town having acted under it, are estopped from taking any advantage of such defect, as against the rights of individuals. *Thayer* v. *Stearns and others,* 18 Mass. Rep. 109.

3. The town, at their meeting, legally warned and holden on the 28th day of January, 1841, recognized the meeting of the 12th, as a legal meeting, by voting "*to rescind all votes taken at the town meeting held at Swanton Falls, on the 12th day of January, inst., in regard to building a bridge across McQuam and Charcoal Creeks, to Hog Island, rais-*

*ing money, and appointing a committee to superintend the building of the same.*"

4. The town have ratified the contract made by the committee, appointed at the meeting holden on the 12th, by paying the plaintiffs for building the bridge across McQuam Creek, which was built by virtue of that contract.

It is contended, that if a contract is made in behalf of a corporation by persons assuming to act as its lawful agents, but without legal authority to make the contract, and the corporation receive the benefit of it, and use the property acquired under it, such acts will be considered as a ratification of the contract, and render the corporation liable to the other party. *The Episcopal Char. Soc.* v. *The Episcopal Church in Dedham,* 18 Mass. Rep., 372.

6. The statute imposes upon the towns, the duty of making and repairing roads and bridges. The bridge in question was, as appears by the case, erected where a public highway had been laid out and travelled for 30 years, and had been used by the public, and the town, from the time it was built to the time of commencing the suit.

The bridge has become the property of the town, so that the plaintiffs can exercise no control over it; and they would be liable if they should destroy it.

The town is bound to keep it in repair, and would be liable for any damage which an individual might sustain, in consequence of its being out of repair.

The evidence offered and excluded by the court, tended to prove a ratification of the contract on the part of the town, and ought to have been submitted to the jury.

*G. W. Foster* and *A. O. Aldis,* for defendant, contended, that the record of the warning offered by the plaintiffs, showed that it could not have been set up, " at least 12 days before the time appointed for the meeting," as the first day of January should be excluded from the computation.

The day of service and the day on which process is made returnable, are never both counted. The form of expression, designating the time, used in the statute, is that which is most frequently used in our statute, in regard to the service of process ; and by long practice, has become settled in

FRANKLIN,
January,
1843.

Pratt et al.
v.
Swanton.

its construction. Rev. Stat. 171, § 12; 180, § 10; 205, § 11; 324, § 25.

All the proceedings of the meeting, were null and void. The affirming, on the 28th, of the proceedings of the 12th, in relation to another bridge, as stated in the case, shows that the town regarded the meeting of the 12th illegal, and by ratifying only a part of its proceedings, impliedly *refused* to ratify the rest.

The offer to prove that the meeting of the 12th had been " treated and considered," by the town as legal, is indefinite and can amount to nothing. An express ratification by the town, in legal meeting, is not pretended. The town, in such a case, can only be bound by its *acts*. Its silence can impose upon it no obligation.

The plaintiff did not offer to show, under the general count, that the work was done at the request, or by direction of the town, or of its authorized agent ; but the claim, under this count, rests wholly in this: " We built a bridge, where a bridge was necessary, and the public have used it "— *therefore* the town of Swanton is liable to pay for it. If this will bind the town, on the ground of an implied contract, then the 76th section of chapter 13 of the statutes, so far as it regards the building and repairing of bridges, is repealed.

The opinion of the court was delivered by

REDFIELD, J.—The questions involved in the decision of the present case do not seem to the court to rest in much uncertainty.

The testimony offered for the purpose of showing, that the town had, in fact, availed themselves of the benefit of the plaintiff's labor, cannot be considered as having any tendency to charge the town with the expense of such labor. It may be true, that if private persons build a road and the public assume the use of it, or, which is the same thing, it is dedicated to public use, and the proper authorities of the town, from time to time, repair it, the town may thereby become liable to continue to keep such road in repair, and even to answer for damages sustained by reason of any " insufficiency or want of repairs " therein. But this does, in no sense, make the town liable for the expense of building

such roads. The *towns* have no interest, or property, in their roads. They are an onerous burden. In the case supposed, the law does not presume that they employed such persons primarily to build the roads, but that, by repairing the same and suffering them to remain open to public use, they have given the public to understand that they had assumed the burden of *maintaining* them.

This view of the matter seems to be a sufficient answer to every part of the case, except the proceedings of the meeting of the town, January 12th. There is no other action of the town upon the subject, in the mode in which alone they can act in their corporate capacity, i. e. in town meeting legally warned and holden. For it is in vain to say that the conduct of the town officers or of the inhabitants of the town, shall be sufficient to ratify and confirm the informal proceeding of an irregular meeting of the inhabitants, or a portion of them, and thus make them, by implication, binding upon the town, when it is admitted that those persons have no authority to bind the towns in the same matters. even by express contract. The meeting of January 12th, was warned on the first day of the same month. This gave but *eleven days'* notice, unless we reckon both days of the extreme dates, which is contrary to the mode of computing time in this state in analogous cases, as established by long usage, and sanctioned by repeated judicial determinations. In the service of writs and executions, advertising property, &c. in reckoning a given number of days, it has always been practiced to exclude the day of the act. We adopt the same rule here, and this determines the meeting irregular. The votes of such a meeting are no more binding upon the town than if the meeting had been held without notice, or had been a mere fortuitous assembling of any portion of the inhabitants of the town.

Judgment affirmed.