GILMAN BILL AND OTHERS *v.* TOWN OF WOODBURY.*

1. The County Court established a highway in the defendant town on condition that the petitioners for it should build it for $1.50 per rod. The plaintiffs built the road; but contracted with the petitioners and not the town. *Held,* that the town was not liable, although it had adopted the road.
2. A count in assumpsit is fatally defective that does not allege a promise from the defendant to the plaintiff.

HEARD on demurrer to the declaration at the March Term, 1881, Washington County, TAFT, J., presiding. The court sustained the demurrer. Action, general and special assumpsit.

### DECLARATION.

Also, in a further plea of the case for that, heretofore, to wit, on the 16th day of July, A. D. 1878, Elisha Town and others made a petition in writing to the selectmen of the town of Woodbury, praying for a road to be by them laid out from some point near W. W. Thomas', across said Thomas' land to that of Kent & Bancroft, to the Cabot road, which petition was presented to said selectmen, and the said selectmen did deny the prayer of said petition, and refused to lay said road. That a petition was then made and signed by A. W. Nelson and others to the County Court for the county of Washington, praying for a committee to examine said road and report thereon, which petition with a citation was served on the town of Woodbury, as the law directs, and returned the same into County Court, and the Court did appoint a committee to hear and examine the case and make report thereon; that said committee did examine the said proposed road and did have a full hearing thereon, and did make report thereon to said County Court; that said court did accept said report and established said road as recommended by the committee in their report; that said committee made a report laying said road on condition that the petitioners build said proposed road at one dollar and fifty cents per rod, and said road was established upon that condition; the road to be built to the acceptance of said committee. And the petitioners did file their agreement with the said court that they would build said road for that sum, which agreement, or bond, was acceptable to the said town of Woodbury. That said petitioners did call upon said town of Woodbury to build said road,

---

*Heard at the adjourned General Term, May, 1882.

and give to them the first choice or right to build said road. And the town did refuse to build the same ; thereupon the petitioners did contract and agree with the plaintiffs to build said road for the sum of one dollar and fifty cents per rod.

And the plaintiffs aver that they did enter upon their contract and did build and construct said road to the acceptance of said committee ; and that it was accepted by said committee ; that they have called upon the town to pay for the same, which the town had neglected and refused to do. Whereby and by reason of which an action hath accrued to the plaintiffs to have and receive of the town of Woodbury the pay for building said road at the rate of $1.50 per rod. And said road being two hundred and thirty and one-half rods in length, amounting to the sum of $345.75. And the said plaintiffs aver that they have kept, performed and fulfilled their contract in building said road, and that it has been built to the acceptance of the said committee as aforesaid. The plaintiffs asked to amend the declaration by adding to the special count that the road described in the declaration had been built, and was being used by the town and had become one of the roads of the town by using and by adoption ; and leave was granted.

*J. P. Lamson,* for the plaintiffs, cited *Cummings* v. *Blaisdell,* 43 Vt. 382; 6 Ib. 76; 18 Ib. 405.

*S. C. Shurtleff,* for the defendant.

The opinion of the court was delivered by

ROWELL, J. The count is fatally defective for that it alleges no promise by the town to the plaintiffs, but on the contrary specially avers that the petitioners contracted and agreed with the plaintiffs to build the road. What authority the petitioners had to bind the town in the premises does not appear. Neither is the town liable because it used and adopted the road as alleged in the amendment. *Pratt* v. *Swanton,* 15 Vt. 147.