HERBERT O. POLLARD *vs.* CITY OF NORWALK.

Third Judicial District, New Haven, June Term, 1928.
WHEELER, C. J., MALTBIE, HINMAN, BANKS and YEOMANS, Js.

Argued June 6th—decided July 16th, 1928.

*William F. Tammany,* for the plaintiff.

*Frederick Lovejoy, Jr.,* for the defendant.

MALTBIE, J. This is an action brought by a taxpayer against the defendant city seeking a declaratory judg-

ment determining whether certain bonds which it is prepared to issue would be legal and binding obligations upon the city and asking an injunction restraining their issuance, brought before us upon a reservation. By a Special Act of the legislature the city was authorized to issue serial bonds to an amount not exceeding $450,000, and the Act contained a provision that it should not take effect until approved by a majority of the legal voters who voted on the subject at the city and town election to be held in 1927. Special Laws of 1927, p. 93. At the city election held in October, 1927, a majority of the legal voters approved the Act. The charter of the city provides that notice of any meeting for the election of officers shall be given "at least two weeks" preceding it. Special Laws of 1913, p. 1053. It is stipulated in the reservation that notice of the meeting held in October, 1927, was given "at most but thirteen days before the election day." In *Brooklyn Trust Co.* v. *Hebron,* 51 Conn. 22, the law of this State was settled that the requirements of the statute as to the length of time before any town meeting that notice should be given of it must be complied with literally; and we held that, where a town had been authorized by the legislature to guarantee certain railroad bonds, it could not be compelled to do so in accordance with a vote taken at a town meeting of which only four days notice had been given instead of the five days notice required by the statute. We said (p. 29): "The assembled voters are without power to act for or bind the town unless they have been called together in the statutory way and at the statutory time. There is no opportunity for the application of the rule that deeds of parties are to have effect rather than to be destroyed; that rights are to be upheld rather than forfeited; for if there has been no meeting, no deed has been executed, no

right brought into existence, and it has been impossible for the town to have any intention; there is absolutely nothing to consider. Nor is there opportunity for the discussion of the question as to reasonableness or unreasonableness; in the presence of a statute that only can be reasonable which it requires; anything less must be unreasonable." The New England town meeting is a distinctive institution, governed by the law as developed in New England, and resort to decisions outside its boundaries can serve little purpose. Here it is settled by a long line of decisions from the earliest times that a town can act legally only in a meeting duly warned and holden. 2 McQuillin on Municipal Corporations (2d Ed.) §605. The votes of a meeting of which notice has been given for less than the period required by the statute, though it be only for a single day, "are no more binding upon the town than if the meeting had been held without notice, or had been a mere fortuitous assembling of any portion of the inhabitants of the town." *Pratt* v. *Swanton,* 15 Vt. 147, 151. The meetings of our cities and boroughs authorized by special charter provision are the direct successors of the town meeting and are governed by the same law.

To the first question propounded in the reservation, asking whether, in view of the failure to give notice of the city and town election in 1927 for the period of time fixed by the charter, the bonds would be valid and binding obligations of the city, we answer that they would not. As this answer is decisive of the merits of the case, we do not consider the second question. To the third question, asking whether an injunction should issue restraining the city from issuing the bonds, we answer yes.

No costs will be taxed in this court to either party.

In this opinion the other judges concurred.