SAUL B. ALDERMAN *v.* TOWN OF WEST HAVEN.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued May 3d—decided June 9th, 1938.

*William T. Holleran,* for the appellant (plaintiff).

*Walton E. Cronan,* with whom, on the brief, was *Leon M. Gabriel,* for the appellee (defendant).

AVERY, J. The plaintiff was the owner of a piece of land on the southeast corner of Campbell Avenue and Center Street in the town of West Haven. The face of the building on Center Street was some distance back of the property line. The plaintiff desired to make alterations in the building which would bring its face on Center Street out to the property line. He applied to the building inspector for a permit, which was refused on the sole ground that building lines had been established upon Center Street at that point and that the alteration proposed would encroach beyond the building line. Thereupon, the property owner brought this action asking for a declaratory judgment as to whether or not a building line had been legally established; and, if not, that a writ of mandamus be issued directing the building inspector to issue a permit for the alterations proposed.

It was admitted that the town of West Haven was organized pursuant to a special act approved June 24th, 1921, 18 Special Laws, p. 1067, dividing the town of Orange and creating the town of West Haven. By the act of its creation West Haven was granted the powers and made subject to the duties of other towns in the State; and in addition was granted all the powers and made subject to all the obligations conferred by the General Assembly by any special act

upon the town of Orange. By an act approved July 13th, 1911, 16 Special Laws, p. 304, the board of selectmen of the town of Orange was authorized to establish building lines. By an act approved June 6th, 1913, 16 Special Laws, p. 1160, it was provided that before the selectmen shall order, among other things, "the establishment or alteration of any building line, said board shall hold a special hearing thereon, after giving notice thereof by filing a copy of the proposed order, with a notice of the time and place of hearing thereon, in the town clerk's office at least five days before said hearing and by causing a copy of said proposed order and notice to be left with or at the usual place of abode of the owner or owners of the property affected by said order if such owners are residents of the town of Orange, and if they are nonresidents by depositing a like copy in any post office in said town, postage prepaid, directed to such person or persons at their last known post office address."

In the complaint it is alleged that on January 12th, 1920, there was filed in the town clerk's office of the town of Orange by the board of selectmen a notice of a public hearing to be held by the board in the town hall on January 16th, 1920, at 8 p. m., upon a proposed order for the establishment of a building line on both sides of Center Street. It was further alleged that the notice did not contain a copy of the proposed order and that a copy of the proposed order was not at any time filed in the town clerk's office; that on January 16th, 1920, a public hearing was held by the board of selectmen; and on January 23d, 1920, at a meeting of the board, building lines were claimed to have been established; and that the proposed addition to the plaintiff's building was within the area on Center Street included in the claimed building line,

and when the plaintiff on March 23d, 1937, applied to the building inspector of the town for a permit to alter his building, the building inspector refused to grant the permit for the sole reason that the erection of any structure within the claimed building line was prohibited.

All the allegations of the complaint were admitted, except that the notice did not contain a copy of the proposed order and that no copy of the proposed order was at any time filed in the town clerk's office. These facts, however, were found by the trial court and the finding in this respect is not in dispute in this appeal. By way of special defense, the defendant alleged (1) that the town had acquired an easement by prescription to the building line, (2) that the owners of property affected had received actual notice of the proposed order, and (3) that the establishment of the building line had been validated by an act of the Legislature appended in the footnote.[1] In addition to the facts mentioned the trial court also found that the property in question was conveyed by the Orange Bank & Trust Company to Abraham I. Lapides and Jessie Silver by warranty deed dated January 20th, 1920, and by these grantees to Adolph Perlroth by warranty deed dated May 16th, 1921, which contained a clause, "Said premises are subject to . . . building lines if any established." Perlroth conveyed the property to Morris

[1] 19 Special Laws, p. 74. Section 1. The action of the town of West Haven in the establishment of building lines in said town, valid in every respect except that the notices of the times and places of hearings on the establishment of such building lines, copies of the proposed orders and the orders establishing such building lines and assessing benefits and damages therefor were not left with or at the usual place of abode of the owners of property affected, is validated, and all such building lines heretofore established shall remain in effect.

Sec. 2. This act shall not affect any civil action pending at the time of the passage hereof.

Romer by warranty deed, dated June 7th, 1921, containing a clause, "Such premises are subject to . . . building lines if established." The plaintiff acquired the property by warranty deed from Romer dated June 8th, 1921, and containing this clause, "Said first and second piece are also subject to build-lines, if established." Thereafter the premises went through several intermediate conveyances in none of which was a building line mentioned, and were reconveyed to the plaintiff by the Alderman Realty Company on July 1st, 1935, without reference to a building line. The building line attempted to be established by the selectmen was eight feet from the southerly line of Center Street in front of the plaintiff's property. The plaintiff's building is located at an angle so that the northwesterly corner is six and one-half feet south of the claimed building line, and the northeasterly corner immediately south of it. A copy of the vote of the board of selectmen taken at its meeting January 23d, 1920, was filed with the town clerk January 26th, 1920.

The trial court concluded that the filing of the vote of the selectmen was notice of the establishment of the building line affecting the plaintiff's premises; that in addition thereto the clause in his deed from Romer and in the two prior deeds constituted notice to him of the claimed establishment of the building line; and that the user of the building line by the town for a period of more than fifteen years after its claimed establishment, with the knowledge and acquiescence of the plaintiff and his predecessors in title, was adverse to the rights of the plaintiff and that the town thereby acquired an easement by prescription. The trial court further concluded that the proceedings were validated by the act of April 10th, 1923. The appellant in this appeal attacks these conclusions.

The selectmen failed to comply with the provisions

of the special act dealing with the establishment of building lines in two particulars: (1) the notice of the public hearing was filed with the town clerk January 12th, 1920, and the hearing had January 16th, 1920; (2) a copy of the proposed order establishing building lines was not at any time filed in the town clerk's office. The special act required that notice of the hearing and the proposed order should be filed in the town clerk's office, "at least five days before said hearing." In the construction of this statute both terminal days must be excluded. *Austin, Nichols & Co., Inc.* v. *Gilman,* 100 Conn. 81, 85, 123 Atl. 32. The notice not having been given within the time required by the statute and no copy of the proposed order ever having been filed, the hearing upon January 16th was not a legal hearing and had no more effect in law than a fortuitous gathering of citizens. *Pollard* v. *Norwalk,* 108 Conn. 145, 147, 142 Atl. 807; *Crawford* v. *Bridgeport,* 92 Conn. 431, 437, 103 Atl. 125; *Brooklyn Trust Co.* v. *Hebron,* 51 Conn. 22, 28; *International Transportation Co., Inc.* v. *Toquet,* 123 Conn. 468, 475, 196 Atl. 344. "The New England town meeting is a distinctive institution, governed by the law as developed in New England, and resort to decisions outside its boundaries can serve little purpose. Here it is settled by a long line of decisions from the earliest times that a town can act legally only in a meeting duly warned and holden. 2 McQuillin on Municipal Corporations (2d Ed.) § 605. The votes of a meeting of which notice has been given for less than the period required by the statute, though it be only for a single day, 'are no more binding upon the town than if the meeting had been held without notice, or had been a mere fortuitous assembling of any portion of the inhabitants of the town.' *Pratt* v. *Swanton,* 15 Vt. 147, 151. The meetings of our cities and boroughs authorized by

special charter provision are the direct successors of the town meeting and are governed by the same law." *Pollard* v. *Norwalk,* supra, 147. It follows that no valid building line was ever established. If it be conceded that the plaintiff by the clause in the deeds had notice of an attempt upon the part of the town to establish a building line, it was notice of an invalid action. The exception in the deeds to the plaintiff and his predecessors in title was not an admission that a legal building line in fact existed. *Botsford* v. *Wallace,* 69 Conn. 263, 271, 37 Atl. 902.

The town did not gain a right to the building line by prescription. "When a right or privilege is claimed as being annexed to one's land to use the adjacent land of another for a special purpose, whether arising from prescription (a prescription supposes a lost grant) or from an implied grant, or reservation, the existence of the alleged easement will, in general, depend upon an affirmative answer to the inquiry, is it open, visible, continuous and necessary." *Whiting* v. *Gaylord,* 66 Conn. 337, 345, 34 Atl. 85; *Exley* v. *Gallivan,* 96 Conn. 676, 679, 115 Atl. 482; *Ricci* v. *Naples,* 108 Conn. 19, 24, 142 Atl. 452. Even if the town could acquire a right to maintain the building line by prescription, there is nothing in the finding that anything had been done either by the town to prohibit building or by any property owner to attempt to build within the building zone until the plaintiff made his application. There was no physical user of the property involved and there was nothing to indicate an adverse user.

A claim of estoppel does not appear to have been raised at the trial of this case but in any event no basis for estoppel exists upon the facts shown. The basis of an estoppel is prejudice. *International Transportation Co., Inc.* v. *Toquet,* 123 Conn. 468, 477, 196 Atl. 344. It does not appear that the town or any

party was in any way prejudiced by the failure of the plaintiff to assert the invalidity of the proceedings at an earlier date.

It remains to consider the effect of the validating act. We have said that "the legislative intent in the validation of irregularities in deeds is to validate a specific irregularity in a deed otherwise valid," *Bowne* v. *Ide,* 109 Conn. 307, 313, 147 Atl. 4; and it is generally true that the statutes ordinarily validate acts of municipal corporations only as regards specific defects. The specific irregularity attempted to be validated by the act in this case was failure to leave with the property owners copies of the notices required. The particular defects in this case were inadequacy of the notice as to time and failure to file a copy of the notice and proposed order with the town clerk. These irregularities were not mentioned in the validating act, nor were they even referred to indirectly. The validating act is consequently without effect.

There is error and the cause is remanded to the Superior Court with direction to enter a judgment declaring that the proceedings to establish a building line are without validity, and that the building inspector of the town of West Haven be directed to grant a permit to the plaintiff for the alteration proposed.

In this opinion the other judges concurred.