31892, 31893.   GEELE *et al. v.* BATES; and *vice versa.*
31894, 31895.   GEELE *et al. v.* DAVIS; and *vice versa.*

GARDNER, J.  I.  (1) Mrs. Lillian D. Bates brought her action for the recovery of damages for the negligent homicide of her son in the Winecoff Hotel fire.  The petition was brought against Mrs. Annie Lee Irwin, W. H. Irwin, A. F. Geele, A. F. Geele Jr., R. E. O'Connell, and W. H. Irwin, Mrs. Annie Lee Irwin, A. F. Geele, A. F. Geele Jr., R. E. O'Connell, trading and doing business as Winecoff Hotel Company.  The petition alleged that Mrs. Annie Lee Irwin was the owner of the Winecoff Hotel building.  The other defendants were alleged to be the operators of the hotel.

Mrs. Mattie E. Davis brought her action for the recovery of damages for the negligent homicide of her daughter in the Winecoff Hotel fire against the same above-mentioned defendants.

The allegations of each case, except as to the party plaintiff, are in all material respects identical and are so treated by counsel for both parties in this court.  The petitions alleged negligence per se in the violation of both State statutes and ordinances of the City of Atlanta.  And the petition also alleged certain acts of negligence based on the common law.  Demurrers both general and special were filed to the petitions as amended.  A part of the general demurrers was sustained and other parts overruled.  Likewise, certain of the special demurrers were overruled and others sustained.  The defendants in the court below assign error here on the overruling of their demurrers; and the plaintiffs in the court below filed cross-bills of exceptions assigning error on the judgment of the trial court in sustaining certain of the general demurrers and special demurrers.  Since the cases are identical, we shall deal with them together.  What we say as to the one, applies to the other.

(2) As a result of the fire in the Winecoff Hotel on December 7, 1946, and

since that time different phases of litigation have appeared in this court as well as in the Supreme Court. There are now pending in the Supreme Court equitable petitions as follows: *Irwin et al.* v. *Torbert,* and *vice versa* (cases Nos. 16096 and 16097); and *Geele et al.* v. *Torbert et al.,* and *vice versa* (cases Nos. 16100 and 16101). In those cases there are additional parties defendant to the parties defendant in the instant cases. But the defendants here are named as defendants there and in the same relationship to the ownership of the hotel and the operators of it at the time of the fire. Of course the plaintiffs in the court below in each case are different. Except for the equitable phases alleged and embraced in the cases pending in the Supreme Court, the material allegations as to negligence per se and common-law negligence as contained in the petitions both in the Supreme Court and here, are materially the same, if not almost identical. The demurrers filed in the Supreme Court cases and in the cases here are materially the same. The assignments of error both in the direct bill of exceptions and in the cross-bill of exceptions are materially and substantially the same in the cases pending in the Supreme Court and in the instant cases except as to four assignments of error which appear in the instant cases and which do not appear in the cases pending in the Supreme Court. We will deal with these four exceptions later on in this opinion.

On June 11, 1948, the Supreme Court rendered an opinion, elaborately and in detail discussing and passing upon the issues presented for our determination in the instant cases except as to the four particulars above mentioned. We are basing this opinion on the opinion of the Supreme Court rendered June 11, 1948, and the judgment on the cases on rehearing. The decision of the Supreme Court is binding on this court. Generally, the Supreme Court held that the allegations as to the acts of negligence per se based upon the State statutes and the ordinances of the City of Atlanta were good; and that also, the allegations as to acts of common-law negligence were good; and that insofar as the trial court overruled the demurrers as to negligence per se, it did not err. But that insofar as it sustained the demurrers as to the allegations of common-law negligence, it did err. Since, as we have said, the issues to be decided here are materially the same as those embraced in the cases pending in the Supreme Court, we will not go into detail here as to the issues involved in the instant cases, but merely refer to the decision of the Supreme Court rendered June 11, 1948. See *Irwin et al.* v. *Torbert,* supra, and *Geele et al.* v. *Torbert,* supra.

(3) (*a*) We will now revert to a discussion of the four exceptions mentioned which are embraced in the instant cases and which are not embraced in the Supreme Court cases mentioned hereinbefore. The petitions in the instant cases allege as an act of negligence per se the failure to have fire escapes on the outside of the Winecoff Hotel building, as provided in the Code, §§ 52-201, 52-205. The defendants demurred to the allegations of negligence under the provisions of these Code sections on the ground that the provisions of these Code sections were unconstitutional. The court sustained the demurrers in this regard. Error is assigned in the cross-bill of exceptions to the judgment of the trial court sustaining these demurrers. The court did not err in its

judgment sustaining these demurrers. *Geele* v. *State*, 202 *Ga.* 381 (43 S. E. 2d, 254, 172 A. L. R. 196).

(*b*) Paragraph 8 of the demurrer attacks paragraph 13 of the petition as amended. Paragraph 13 of the petition as amended reads as follows: "13. At the time of said fire, there was of force a valid ordinance of the City of Atlanta, hereto attached and marked Exhibit 'D' under which the said Winecoff Hotel, by reason of the defective conditions hereinbefore described, was subject to condemnation, and these facts were known to the defendants and all of them." Paragraph 13 of the petition as amended has as an Exhibit a portion of the Code of the City of Atlanta, as follows: "Exhibit D: Section 318. Unsafe Buildings. 1. Notice to Make Safe. When it is reported to the Inspector of Buildings that any building or structure or part thereof is unsafe or dangerous, he shall immediately cause an examination of the property to be made. If this examination shows the building or structure or any portion thereof to be unsafe or dangerous, as to the construction, the occupancy or exits, the result thereof shall be entered upon a docket; the Inspector of Buildings shall at once serve notice, in the manner prescribed in Section 316, upon the owner or upon the person designated in Section 320. Such notice shall contain a description of the building or structure considered unsafe or dangerous, and shall require the same to be made safe and secure or removed, as may be considered necessary by the Inspector of Buildings, and it shall require the person served therewith to immediately certify in writing to the Inspector of Buildings his consent or refusal to secure, make safe or remove the building or structure or part thereof. If he immediately certifies in writing his consent to comply therewith he shall be allowed 24 hours following the service of such notice in which to begin to secure, make safe or remove the building or structure. He shall employ sufficient labor and material, and immediately begin to secure, make safe or remove the same. The work shall be done as speedily as possible and shall be continuously prosecuted to the satisfaction of the Inspector of Buildings." The demurrer to paragraph 13 of the petition as amended reads as follows: "These defendants demur to and move to strike paragraph 13 of the said amendment for the reason that the allegations therein, together with Exhibit 'D' are merely surplusage and are immaterial and not germane to the issues in this controversy." The court did not err in sustaining the demurrer to this paragraph of the petition as amended. This assignment of error on the cross-bill is without merit.

(*c*) The tenth ground of the demurrer attacks paragraph 15 of the petition as amended. Paragraph 15 is as follows: "15. At the time of said fire, and at 'the time of the construction of the Winecoff Hotel, which plaintiff alleges took place in 1913, there was of force a valid ordinance of the City of Atlanta, adopted April 20, 1908, a copy of which is hereto attached and marked Exhibit 'F.' Said ordinance provided that all buildings thereafter constructed or then in the course of erection, used as hotels, apartments or rooming houses, and exceeding four stories in height, should be of fireproof construction. Said Winecoff Hotel was not of fireproof construction, but was highly inflammable in that the floors, wainscoting, window and door trim, doors, carpets, rugs and

draperies were of inflammable and combustible material, and the building was so constructed around the shaft hereinbefore described as to make it a veritable chimney. The defendants and each of them were guilty of negligence per se in owning, maintaining and operating said hotel in such defective condition." Exhibit "F" referred to in paragraph 15 reads as follows: "Section 1. Be it ordained By the Mayor and General Council of the City of Atlanta that from and after the passage of this ordinance that all buildings hereinafter erected, that are not now in course of erection, used as hotels, apartments, or rooming houses, that exceed four stories in height be of fireproof construction, the same to apply to alterations, provided nothing herein contained to apply to buildings now equipped or used for the above purposes." The demurrer to paragraph 15 reads as follows: "These defendants demur to paragraph 15 of the plaintiff's amendment upon the ground that the ordinance of 1908 is not set out therein, nor is Exhibit 'F' referred to in said paragraph a copy of said ordinance of 1908, and the plaintiff should be required to set out the ordinance of 1908. Further, these defendants demur to the allegations in said paragraph dealing with carpets, rugs and draperies, for the reason that these things do not concern the construction of said building as dealt with in the ordinance of 1908 and should be stricken from said paragraph. Further, said paragraph is vague and indefinite in that it is not set out therein how or in what manner said hotel was not 'fireproof' within the meaning of said alleged ordinance." The court sustained this demurrer. No error appears in the judgment of the court sustaining this demurrer and this exception to the cross-bill of exceptions is not meritorious.

(d) Paragraph 16 of the plaintiffs' petitions as amended alleges generally that the defendants were negligent per se in violating all of the ordinances of the City of Atlanta pleaded in the petition designated as Exhibits A through F, inclusive. The defendants demurred to paragraph 16 and particularly to the ordinances attached to the petition as exhibits, beginning with "A" and extending through "F." All of the ordinances attached as exhibits were dealt with in the decision of the Supreme Court, except Exhibit "A." This exhibit reads as follows: "65-102. Abatement of Nuisance In or Around Building. 1. Conditions constituting nuisance. Any building, structure, enclosure, place or premises is a nuisance, where it is perilous to life or property by reason of its construction, or of the overcrowding at any time of persons there in, or of deficiencies in its fire alarm or fire prevention equipment, or of conditions in its construction likely to cause fire or the spreading of fire, or of conditions therein which would hamper or impede the Fire Department in combating a fire in or about the building; or where the condition of the walls, floors or roof is such that the building is likely to fall on account thereof, thereby endangering the safety of its occupants or of the public. 65-116. Penalties. Any person who shall, prior to the giving of any notice to abate, erect or continue any nuisance defined in this Chapter, or elsewhere in this Code, or by any other law or ordinance of the city, shall be guilty of an offense against the City of Atlanta. Each day's continuance of any such nuisance, if no other penalty is otherwise specifically provided therefor, shall be punishable

by fine not to exceed $100 and costs, or by imprisonment for not more than 30 days, or both, in the discretion of the Recorder." The trial judge sustained the demurrer as to Exhibit "A" and this judgment is assigned as error in the cross-bill. The trial court did not err in sustaining the demurrer as to Exhibit A and the assignment of error in the cross-bill of exceptions in this respect is without merit. The court overruled, as hereinbefore stated, the demurrers as to the other ordinances attached to the petition as exhibits.

(4) From what we have said, the allegations of negligence per se for violations of the ordinances of the City of Atlanta referred to in the petition and attached as exhibits constituted valid and germane allegations of negligence per se except as to those immediately preceding and which we have held are not valid allegations of negligence per se. And also the allegations of common-law negligence as alleged in the petition are good and valid allegations of common law negligence.

*Judgments affirmed in part and reversed in part on the main bill of exceptions in both cases. Judgment affirmed in part and reversed in part on the cross-bill of exceptions in both cases. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED JULY 12, 1948.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, E. D. Smith Jr., W. G. Grant, Lokey & Bowden, James Cox,* for plaintiffs in error.

*Powell, Goldstein, Frazer & Murphy, Newell Edenfield,* contra.