D. Ormonde Ritchie, J.
This is an action for a declaratory judgment and for an injunction. The action involves a zoning ordinance adopted by the plaintiff village on August 21, 1952, and the pleadings raise two issues, namely, (1) the validity of the ordinance, and (2) if the ordinance is valid, then was there an abandonment of a nonconforming use thereunder.
In lieu of oral testimony, the parties agreed to submit this case for decision upon (1) the minutes of a case entitled “ The People of the State of New York, against Mac-Nel Scrap Metal Co., Defendant,” which was tried in the Court of Special Sessions of the Village of Island Park on May 27, 1957, wherein the defendant, a former lessee of the premises in question, was prosecuted for an alleged violation of the village ordinance adopted on August 21, 1952, and (2) a writing containing excerpts from the minutes and official records of the Village Board relating to the adoption of the zoning ordinance in question. It was further agreed that the trial minutes aforementioned be used as the basis for making a determination as to whether the nonconforming use was actually abandoned, and that the minutes of the Village Board be used as the basis for *250 determining the validity of the ordinance adopted on August 21, 1952.
The defendant J. E. B. Associates, Inc., is the present owner of the real property involved in this action and the defendant Sylvester is the lessee thereof operating a junkyard thereon.
It appears that in and about the year 1948 or 1949, one Wydler, not a party to this action and the predecessor in title of the present defendant owner, acquired title to a parcel of real property situated in the Village of Island Park. At the time of his acquisition, the village zoning ordinance, which had been adopted in 1932, was in full force and effect, and the afore-mentioned premises were zoned thereunder for industrial purposes and the operation of a junkyard was a permitted use. On August 21,1952, the Village Board adopted a new ordinance and repealed the old. Under the provisions of this new ordinance, junkyards were prohibited. At the time the new ordinance was adopted, the premises were being used as a junkyard.
Plaintiffs admit that at the time the new ordinance became effective, the then owner of the premises was entitled to conduct a junkyard thereon as a nonconforming use, but contend that between the years 1953 and 1956 such use was completely abandoned, and therefore the present owner is in violation of the ordinance and should be enjoined from any further use of the premises as a junkyard.
The defendants deny that such use was abandoned and attack the validity of this latter ordinance on the ground that it was not adopted, published and posted in accordance with the provisions of the Village Law applicable thereto.
The material facts contained in the written stipulation with reference to the adoption of the new ordinance are set forth as follows: At its meeting of January 24, 1951, the proposed
new ordinance and zoning map were submitted for consideration. On March 25, 1951, a public hearing thereon was held. Thereafter the board referred the proposed ordinance back to the village zoning committee to consider certain suggested changes therein. The committee considered these changes and at the board meeting of January 23, 1952, some 10 months after the public hearing, the proposed ordinance in revised form was submitted for discussion. At its meeting on June 26, 1952, the board resolved that a public hearing on the proposed ordinance as revised be held on July 30, 1952. Notice of this hearing was posted on July 15,1952, in five places within the village and was published in a newspaper, Long Beach Life, in the issue dated July 17, 1952. The public hearing was held on July 30, 1952, which was some 16 months after the first public hearing. On *251 August 6, 1952, the hoard convened, the minutes of the public hearing of July 30,1952 were read, and all suggestions made by people present at such hearing were gone over carefully by the board and corrections and additions were made. Finally, at its meeting held on August 21, 1952, the board adopted the new ordinance and zoning map and authorized its filing and publication, and such publication of the ordinance and map was made in Long Beach Life in its issue of October 30, 1952, and thereafter, and on November 20, 1952, it was posted with the accompanying map in five places within the village.
Specifically, the defendants contend that the ordinance is invalid for the following reasons: (1) That section 179-a of the Village Law was not complied with in that the Village Board failed to appoint a zoning commission to hold public hearings and make reports upon the proposed new zoning ordinance; (2) that the ordinance as adopted was not entered in the minutes of the Village Clerk as required by subdivision 2 of section 178 of the Village Law; (3) that inasmuch as corrections and additions were made to the proposed new ordinance at a meeting of the Village Board held on August 6, 1952, which was after the public hearing held on July 30, 1952, the law requires that a new public hearing be held, and this was not done; (4) that the notice of public hearing on the proposed new ordinance was insufficient in form in that it did not sufficiently apprise the public of what the board was attempting to accomplish; (5) subdivision 1 of section 178 of the Village Law was not complied with in that only 14 days’ notice of the public hearing was given instead of the 15 days required by statute; (6) the statutory requirements as to posting of both the notice of public hearing and the ordinance as finally adopted were not complied with in that the places wherein the notices were posted were not public places.
Specification 1 is untenable. Section 179-a is only applicable where a village is about to enact a zoning ordinance for the first time (Hermann v. Incorporated Vil. of East Hills, 104 N. Y. S. 2d 592, affd. 279 App. Div. 753; Matter of Atlantic Refining Co. v. Zoning Bd. of Appeals of Vil. of Sloan, 14 Misc 2d 1022).
Specification 2 is also untenable. The minutes of the Village Board show that a fully printed copy of the ordinance as adopted and the accompanying map were filed in the office of the Village Clerk. Subdivision 2 of section 178 does not specify in what form the ordinance shall be entered in the minutes nor is there any time limitation on the filing thereof.
Insofar as specification 3 is concerned, it is true that in some instances, after a public hearing has been held on a *252 proposed ordinance and thereafter certain changes are made, a further public hearing must be held to consider such changes before the ordinance can be finally adopted. However, the changes made must be substantial changes as distinguished from those which are minor and inconsequential (Village of Mill Neck v. Nolan, 233 App. Div. 248, affd. 259 N. Y. 596). Here, the record is silent as to the nature of the changes made by the board and the court cannot speculate thereon. Consequently, the objection cannot be considered as affecting the validity of the ordinance.
As to specification 4, I find the notice of the public hearing to be sufficient. A reading thereof clearly indicates that the Village Board proposed to repeal the existing zoning ordinance and adopt a new one in place thereof.
As previously stated, it is claimed in specification 5 that only 14 days’ notice of the public hearing was given. In truth and fact, only 13 days’ notice was given, inasmuch as publication was commenced on July 17, and the hearing was held on July 30 (see General Construction Law, § 20). Thus, the 15 days’ notice required by subdivision 1 of section 178 was not given. In Matter of Schierloh v. Wood (230 App. Div. 788), a similar situation was presented. There, the Village Board of the Village of Tuckahoe passed a resolution to-hold a public hearing on the adoption of a zoning ordinance, such hearing to be held on April 18, 1923. The notice of hearing was published in the village newspaper on the 4th and 11th days of April, 1923. As a result, only 14 days’ notice was given. The language of the statute as it existed at that time (L. 1909, ch. 64, § 178) was identical with that contained in subdivision 1 of section 178 of the Village Law as it exists today, with the exception of the last three lines. The court held that the failure to give the required notice of 15 days constituted a jurisdictional defect which rendered the ordinance void. Plaintiffs’ argument that chapter 556 of the Laws of 1955, validating certain ordinances enacted prior to April 21,1955, cures this defect, has no foundation. In the first place this statute relates to the publication and posting of the ordinance after it has been finally adopted (see Village Law, § 178, subd. 2; § 95). Secondly, it needs no citation of authority to the effect that so-called validation statutes cannot cure jurisdictional defects.
Inasmuch as the Village Board failed to give 15 days’ notice of the public hearing, the ordinance is declared null and void.
In the light of this holding, it is not necessary to pass upon whether the posting of the notice of hearing and of the ordinance after its adoption was defective as claimed in specification 6. *253 N either is it necessary to determine whether there was an abandonment of the nonconforming use. It is to be noted that the ordinance adopted in 1952, was intended to repeal the ordinance of 1932. However, this was not accomplished. The 1932 ordinance survives the declaration of invalidity of the 1952 ordinance. A valid ordinance cannot be repealed by an invalid one. Therefore, the defendants are operating a junkyard as a permitted use under the provisions of the 1932 ordinance.
Judgement is directed in favor of the defendants upon the merits.
The foregoing constitutes the decision of this court pursuant to section 440 of the Civil Practice Act.