23083. TRIMBLE et al. v. McCOLLUM, Commissioner, et al.
23084. ATLANTA COUNTRY CLUB ESTATES, INC.
v. TRIMBLE et al.

DUCKWORTH, Chief Justice. 1. The amendment to the county zoning ordinance or regulation allegedly changing the zoning of properties in Cobb County, or the alleged date of such change, is nowhere in or attached to this action claiming a rezoning of property herein complained of but only a mere letter from an employee of the county informing the applicants that rezoning as requested has been accepted, which is insufficient to set aside the amendment to the zoning regulations, not a part of the petition, as being void for nonconformity

with the laws made and provided for changing said regulations. Whether or not there has even been such rezoning is not apparent from the pleadings but only that an employee advises that the application has been approved. The lower court did not err in dismissing the action on demurrer. *McDonald v. Lane,* 80 Ga. 497 (5 SE 628); *Funk v. Browne,* 145 Ga. 828 (90 SE 64); *Geele v. Bates,* 77 Ga. App. 396 (49 SE2d 85); *Irwin v. Tolbert,* 204 Ga. 111 (49 SE2d 70).

2. The above ruling renders it unnecessary to rule on the cross bill of exceptions which assigns error on the failure of the court to hold certain portions of the special law (Ga. L. 1964, p. 3181, et seq.) authorizing zoning in Cobb County unconstitutional in that the appeal by writ of certiorari offends the Georgia Constitution in certain named and stated particulars.

*Judgment affirmed on the main bill; cross bill dismissed. All the Justices concur, except Mobley, J., not participating for providential cause.*

SUBMITTED SEPTEMBER 14, 1965—DECIDED SEPTEMBER 22, 1965— REHEARING DENIED OCTOBER 7, 1965.

*Reed, Flournoy & Tate, Robert E. Flournoy, Jr.,* for Trimble et al.

*Hicks & Howard, G. Robert Howard,* for McCollum et al.

*King & Spalding, Daniel J. O'Connor, Jr.,* for Atlanta Country Club Estates, Inc.

