**TOWN OF SURGOINSVILLE,**
**Plaintiff–Appellee,**

v.

**Larry F. SANDIDGE, Defendant–**
**Appellant.**

Court of Appeals of Tennessee,
Eastern Section.

May 20, 1993.

Permission to Appeal Denied by
Supreme Court Aug. 30, 1993.

Phillip L. Boyd, Rogersville, for defendant-appellant.

Mark A. Skelton, Rogersville, for plaintiff-appellee.

## OPINION

SANDERS, Presiding Judge (Eastern Section).

The Defendant has appealed from a decree holding he was in violation of a city ordinance of the Town of Surgoinsville prohibiting the

use of a mobile home as a residential dwelling in other than a licensed and approved mobile home park.

In 1976, the Plaintiff–Appellee, the Town of Surgoinsville, passed a comprehensive zoning ordinance. Pertinent here, the ordinance dealt with mobile homes as follows: "*605. Mobile Homes.* The use of a mobile home as a dwelling in conjunction with another principal building, other than in a licensed and approved mobile home park, is prohibited. A mobile home may be used as a principal building on a single lot provided ..." In 1988 the town amended the mobile home zoning ordinance, as pertinent here, as follows: "*605. Mobile Homes.* The use of a mobile home as a residential dwelling in other than a licensed and approved mobile home park, is prohibited. A mobile home may be used as a residential dwelling in a mobile home park provided...."

In 1989, Defendant–Appellant Larry Sandidge acquired certain property in Surgoinsville. In early August, 1991, Sandidge decided to move a mobile home onto his property and to reside there with his family. While he was in the process of moving the mobile home onto the property, Sandidge was informed by various town officials of the 1988 amendment which prohibited mobile homes as residential dwellings within the town limits. Although he believed his property was not within the city limits, Sandidge nevertheless applied for building permit from the town on August 6. His permit was denied.

On August 20, 1991, Sandidge was sent a letter from Donald L. Anderson, Building Inspector for the Town of Surgoinsville. The letter informed Sandidge he was in violation of the mobile home ordinance. The letter also stated, "The facility would qualify for farm storage only after you submitted a request for storage only." On August 25, Sandidge applied for, and received, a building permit for his mobile home for use as "storage." The building permit carried the following notation: "This mobile home to be used for storage only—not to be used as residential dwelling...."

The town, however, continued to send notices to Sandidge asserting he was in violation of the ordinance. In an attempt to resolve the issue, Sandidge went to the town board of mayor and aldermen and asked that his property be de-annexed. He also went to the planning commission to request a variance. Both requests were denied. Sandidge also went to town council meetings to try to get the ordinance repealed, without success.

In November, 1991, the town filed suit seeking to permanently enjoin Sandidge from living in the mobile home. The town also sought to require Sandidge to remove the mobile home from the property.

For answer, Sandidge asserted the ordinance was void because the procedure for adopting such ordinances was not in accordance with requirements set forth in the *Tennessee Code Annotated.* He also asserted his property was not within the town limits and the town was estopped from enforcing the ordinance because it allowed others to live in mobile homes which were not in mobile home parks.

Upon trial of the case, the court found the issues in favor of the Town of Surgoinsville and issued a permanent injunction prohibiting Sandidge, or any other person, from occupying the mobile home as a residence.

The Defendant has appealed, saying the court was in error in failing to find the town was estopped to prevent the Defendant from occupying his trailer within the town limits and in not holding the town had failed to meet the statutory requirements of publication of notice in the passage of the amendment to the original ordinance.

The chancellor filed a very thorough memorandum opinion and correctly decided every issue in the case save one, which probably resulted from the oversight of a stipulation that exhibits 10, 11, and 12 were the only published notices relating to the passage of the 1988 amendment to the zoning ordinance. The three exhibits at issue were offered by the town for the purpose of showing the requirements of T.C.A. § 6–2–102 and § 13–7–203 had been met.

In the course of cross-examination of Mr. Jack Pierce, vice-mayor of the town, he was asked:

"Q. Now, Mr. Pierce, is it your testimony now that the only notice, the only publications that are referred to with reference to newspaper publications are the three introduced here today?

"A. I am not aware—

"Q. To your knowledge?

"A. To my knowledge, these are the publications.

"MR. SKELTON [Counsel for the town] We stipulate and admit to that."

Subsequently, Mr. Skelton, in addressing the court, stated: "MR. SKELTON: We have stipulated and agreed that those three newspaper publications are all that exists, all I have."

█ "An open court concession by attorneys in the case constitutes a binding stipulation in this state." *See Bearman v. Camatsos*, 215 Tenn. 231, 385 S.W.2d 91, 93 (1964) and cases cited therein. We, accordingly, need to examine these publications and determine whether or not they met the requirements of the statute.

Appellant asserts the publication requirement of T.C.A. § 6–2–102 (1984) (amended and numbered T.C.A. § 6–2–101) and the notice requirement of T.C.A. § 13–7–203 were not followed when the town adopted the amendment to the ordinance, and thus the amendment is invalid.

█ We note first there is a presumption in favor of the validity of an ordinance and those questioning its validity have the burden of proof. *Balsinger v. Town of Madisonville*, 222 Tenn. 272, 435 S.W.2d 803, 805 (Tenn. 1968); *S & P Enterprises v. City of Memphis*, 672 S.W.2d 213, 217 (Tenn.App.1983).

The ordinance was adopted in 1988. Therefore, we must look at the statutes applicable in 1988. Pertinent here, T.C.A. § 6–2–102, in 1988, stated:

(a) Each ordinance, or the caption and a complete summary of each ordinance, shall be published after its final passage in a newspaper of general circulation in the municipality. No ordinance shall take effect until the ordinance and its caption and summary is [sic] published.

█ Appellant argues that the 1988 amendment to the ordinance was never published in compliance with the requirements of the statute. The town asserts an article in the May 3, 1988, Kingsport Times–News satisfies the statute. The newspaper article is titled " 'De-annexation' of Phipps Bend is Postponed." Pertinent here, the last paragraph of the story states: "In other action, the Surgoinsville board approved third and final reading of an ordinance to prohibit mobile homes from being located anywhere in town except within a licensed mobile home park. The board vote was 4–3."

We think the town failed to meet the publication requirement for two reasons. First, the statute states the ordinance itself or its caption *and* a summary must be published. While the article does summarize the amendment, it does not state the caption of the amendment, which is "An Ordinance Amending Ordinance No. ___, the Zoning Ordinance for Surgoinsville, Tennessee, Specifically Article VI. *General Provisions*, Section *605. Mobile Homes*."

We have been cited to no authority, nor have we found any in this jurisdiction, as to whether a newspaper article, as opposed to a published notice, will satisfy the requirements of a statute which requires publication of notice. It is well settled in other jurisdictions, however, that a statute requiring notice as a prerequisite to the enactment of zoning measures is not satisfied by the publication of unpaid news items concerning the proposal. 96 A.L.R.2d 449, 510 (1964); *see also Hart v. Bayless Investment & Trading Co.*, 86 Ariz. 379, 346 P.2d 1101 (1959) (Unofficial news story held insufficient to satisfy the statutory requirement of notice); *Gendron v. Naugatuck*, 21 Conn.Supp. 78, 144 A.2d 818 (1958) (News stories appearing on various pages of newspapers generally circulated in area held insufficient to satisfy the requirement that notice of a hearing be given before the adoption of a zoning ordinance); 83 Am.Jur.2d Zoning & Planning § 590 ("A requirement that notice be published in a newspaper is not met by informal news items which inform readers of the [zoning] hearing, where no paid legal notices are published.").

Since it is stipulated there was no publication of the passage of the ordinance other than the Kingsport Times–News story, we hold the record establishes the town failed to

meet the publication requirements of T.C.A. § 6–2–102 (1984) and the amendment never took effect.

■ Appellant also argues the town did not follow the procedural requirements set forth in T.C.A. § 13–7–203 when it adopted the amendment. As pertinent here, T.C.A. § 13–7–203 states:

(a) Before enacting the zoning ordinance or any amendment thereof, the chief legislative body shall hold a public hearing thereon, at least fifteen (15) days' notice of the time and place of which shall be published in the official municipal journal or in a newspaper of general circulation in the municipality.

The proof shows a scheduled public hearing on the amendment was held on April 4, 1988. The town placed advertisements in the classified section of the Rogersville Review announcing the meeting. The announcements appeared in the newspaper on March 24, 1988, and April 4, 1988. Therefore, the town did not give at least 15 days' notice as required by the statute.

Our supreme court has held the requirements for giving notice for hearings on amendments to zoning regulations must be "substantially complied with." *Clapp v. Knox County*, 197 Tenn. 422, 273 S.W.2d 694, 698 (1954). At the time of *Clapp*, the statutory notice requirement for a hearing on a zoning amendment was "at least 30 days' notice." In *Clapp*, the county had published a notice in the Knoxville Journal which, in part, stated: "The following amendment to the Knox County Zoning Regulations will be presented at the next session, regular, special or adjourned of the Quarterly Court of Knox County to be held after thirty (30) days from the date of this notice, October 10, 1953, at the Court House in Knoxville, Tennessee." At the time of publication, the next session of the quarterly court had not been scheduled. On November 24, 1953, the county judge called a meeting of the quarterly county court to take place on November 30, 1953, in order to take "any and all actions necessary concerning any zoning matters." The court found the amendments made by the quarterly court at its November 30, 1953, meeting were valid despite the fact that the publication notice did not give the exact date of the meeting. The court stated: "[T]he notice

... was published in a newspaper more than 30 days before the hearing was had by the Quarterly County Court.... Then the County Judge does call for a meeting for November 30, 1953, which is more than 30 days from October 10th, [sic] and in this call which is a public record these zoning matters are taken up." *Id.* 197 Tenn. 422, 273 S.W.2d at 698. The court went on to note it was generally known that zoning matters coming before the county court were not set for a specific hour but "taken up for consideration following the disposition of routine matters concerning which only members of the court have a special and particular interest." *Id.* The court then held: "The requirements as to the giving of such notices of a hearing upon a petition for an amendment or a change in the zoning regulations must be substantially complied with. [Citations from other jurisdictions].... We think the notice of the time and place, etc., given in the instant case, substantially complies with the statute requiring such a notice." *Id.*

We think *Clapp* is inapplicable to the case at bar. In *Clapp*, the county did give the "at least 30 days' notice" required by the statute. In fact, the court stressed this fact. In the case at bar, the town failed to give the "at least 15 days' notice" required by the statute. We do not infer from *Clapp* that a municipality must only substantially comply with the requirement for timeliness, i.e. the minimum time which must elapse between the published notice and the hearing. "Where the enabling act prescribes the time which must elapse between notice and hearing, failure to comply renders a zoning ordinance invalid." 83 Am.Jur.2d Zoning and Planning § 589. This requirement has been strictly construed, even where no prejudice to a property owner is shown. *Kelly v. Philadelphia*, 382 Pa. 459, 115 A.2d 238 (1955); *see also Alderman v. West Haven*, 124 Conn. 391, 200 A. 330 (1938) (4 days' notice held insufficient where 5 days were required in statute); *Island Park v. J.E.B. Assoc., Inc.*, 21 Misc.2d 249, 190 N.Y.S.2d 77 (1959) (14 days' notice held to not comply with provision for 15 days' notice); *George v. Edenton*, 31 N.C.App. 648, 230 S.E.2d 695 (1976), reversed on other grounds 294 N.C. 679, 242 S.E.2d 877 (12 days' notice held insufficient where 15 days' notice was required.) Since it was stipulated

these were the only notices published, we hold the 11 days' notice given by the town is insufficient under T.C.A. § 13–7–203 and thus the amendment is invalid.

The Appellee cites us to T.C.A. § 6–2–105 as a cure for any defects in any ordinance which may have been passed by a municipality prior to June 30, 1991. The statute provides: "All ordinances adopted on or prior to June 30, 1991, are hereby ratified and confirmed."

We have searched the legislative history of this statute and are unable to find the purpose of its passage. Also, we have been cited to no authority, nor have we found any, which would authorize the legislature to legalize an ordinance which is otherwise void. We, accordingly, hold T.C.A. § 6–2–105 is not controlling in the case at bar.

The issues are found in favor of the Appellant. The decree of the chancellor is reversed and the complaint dismissed. The cost of this appeal is taxed to the Appellee.

FRANKS and McMURRAY, JJ., concur.