ATLAS PERRY et al.

*v.*

LAWRENCE COUNTY ELECTION COMMISSION et al.

411 S.W.2d 538.

(*Nashville,* December Term, 1966.)

Opinion filed January 12, 1967.

A. D. LINDSEY and NOBLE L. FREEMON, SR., Lawrence-burg, for Atlas Perry and others.

M. ARNOLD PEEBLES, JR., and CHARLES A. TROST, Columbia, for Lawrence County Election Commission and others.

MR. JUSTICE DYER delivered the opinion of the Court.

This case presents the sole question of whether the Judge of the General Sessions Court of Lawrence County is required to be a person licensed to practice law in Tennessee. This court was created by Chapter 55, Private Acts of 1943 and the section of this Act pertinent to this issue is as follows:

Sec. 12.

Be it further enacted, That there shall be a Judge for said Court, who shall be a person licensed to practice law in Tennessee, and actively engaged in the practice of law, and with all other qualifications and the same term of office as provided by the Constitution of the State of Tennessee for inferior courts; and the oath shall be the same as that prescribed for Circuit Judges and Chancellors.

The constitutional requirements of the judge of this court are contained in Article 6, Section 4 of the Constitution of Tennessee as follows:

The Judges of the Circuit and Chancery Courts, and of other inferior Courts, shall be elected by the qualified voters of the district or circuit to which they are to be assigned. Every Judge of such Courts shall be thirty years of age, and shall before his election, have been a resident of the State for five years and of the circuit or district one year. His term of service shall be eight years. Art. 6, Sec. 4.

█ The question presented is does the Legislature have authority, in addition to the qualifications required of the Judge of the General Sessions Court for Lawrence County by Section 4, Article 6 of the Constitution, to require the further qualification said judge be a person licensed to practice law in Tennessee. This case is controlled by the holding in *LaFever v. Ware*, 211 Tenn. 393, 365 S.W.2d 44 (1963), wherein it was said:

Therefore, we believe that the standards or requirements as are now in Section 4 of Article 6 of the Constitution are minimum only and that the Legislature possesses the necessary power and authority to

add to these qualifications provided it does so on a reasonable basis, * * *. 211 Tenn. 409, 365 S.W.2d 51.

■■■ This holding is based on the view the State of Tennessee is a government of general powers and the Constitution of Tennessee is a limitation on and not the source of the power of the people acting through their representatives, the Legislature. This view was expressed in the very early case of *Bell v. Bank of Nashville,* 7 Tenn. 269 (1823), wherein it was said, "the Legislature of Tennessee, like the legislature of all other sovereign states, can do all things not prohibited by the Constitution of this State or of the United States. * * *" This same view was expressed in the recent case of *Frazer v. Carr,* 210 Tenn. 565, 360 S.W.2d 449 (1962), wherein it was said, "To be invalid a statute must be plainly obnoxious to some constitutional provision."

■■■ This requirement, by the legislature, the Judge of the General Sessions Court of Lawrence County be a person licensed to practice law in Tennessee is in no way obnoxious to any provision of our Constitution and such is a reasonable requirement.

The decree of the Chancellor permanently enjoined and restrained J. P. Kimbrell, a person not licensed to practice law in Tennessee, from holding or attempting to hold the office of Judge of the General Sessions Court for Lawrence County or from assuming or performing any of the duties of same.

The decree of the Chancellor is affirmed.

## Petition to Rehear

■■■ The appellant, Atlas Perry, et al., has filed a petition to rehear correctly insisting, in our original opinion,

we did not directly rule upon the following assignment of error.

Is the private act unconstitutional as being in violation of Article 11, Section 8, of the Constitution of Tennessee, which prohibits special legislation.

In *LaFever v. Ware*, 211 Tenn. 393, 365 S.W.2d 44 (1963), one of the issues was the constitutionality of Section 15, Chapter 35 of the Private Acts 1963, which required the judge of the General Sessions Court for White County to be a licensed attorney in this State. The court said:

We do not believe that either of said Acts (the private act and a public act) is violative of Article 11, Section 8 which prohibits class legislation. Under the Acts every person who is authorized to practice or who may hereafter be authorized to practice in the Courts of Tennessee is eligible to serve as a Judge. There is nothing unreasonable or arbitrary about this classification of said Section 8 of Article 11 which prohibits only those classifications which are unreasonable and arbitrary. 211 Tenn. 408, 365 S.W.2d 51.

The petition to rehear is denied.

BURNETT, CHIEF JUSTICE, CHATTIN and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.