Argued and submitted January 17, affirmed February 21, 1990

SOKOL et al,
*Petitioners,*

*v.*

CITY OF LAKE OSWEGO,
*Respondent,*

*and*

SOCIETY OF THE SISTERS OF THE
HOLY NAMES OF JESUS AND MARY,
*Respondent.*

(LUBA 89-050 & 89-051; CA A62965)

786 P2d 1324

Mark J. Greenfield, Portland, argued the cause for petitioners. With him on the brief were Larry N. Sokol, Jolles, Sokol & Bernstein, P.C., and Mitchell, Lang & Smith, Portland.

Cynthia Lea Phillips, Lake Oswego, argued the cause and filed the brief for respondent City of Lake Oswego.

Gregory S. Hathaway, Portland, argued the cause for respondent Society of the Sisters of the Holy Names of Jesus and Mary. With him on the brief were Virginia L. Gustafson and Garvey, Schubert & Barer, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

PER CURIAM

**PER CURIAM**

Petitioners seek review of LUBA's remand of the City of Lake Oswego's comprehensive plan and zoning map amendments, by which property of respondent Society of the Sisters of the Holy Names of Jesus and Mary was zoned for high density residential use. Petitioners do not challenge LUBA's disposition of their appeal from city's decision. They assign as error, however, that LUBA's opinion contains *dicta* that misinterpret section 56.155(5)(c) of city's code and that suggest that the section may not be an "essential" consideration in city's decision on remand. Petitioners argue that, therefore, LUBA's decision is "unlawful in substance" and should be reversed and remanded in part. ORS 197.850(9)(a).

Because city did not interpret the code provision in its original decision and LUBA has remanded city's decision, the meaning of the provision and its relevance are questions for city to decide in the first instance. *Gordon v. Clackamas County,* 73 Or App 16, 20-21, 698 P2d 49 (1985). Assuming that LUBA's opinion suggests answers to those questions, as petitioners maintain, city is not bound by them, and LUBA's opinion expressly states that it does not decide them.

Petitioners' assignment presents no issue that can affect LUBA's disposition of the appeal. Insofar as petitioners' argument is aimed at extracting an interpretation of the code provision from us, we repeat that the initial interpretation is city's to make.

Affirmed.