Argued and submitted November 25, reversed and remanded for reconsideration
December 30, 1992

## SCHROCK FARMS, INC.,
an Oregon corporation,
Vernon Schrock and Dean Schrock,
*Petitioners,*

*v.*

## LINN COUNTY
and Oregon Department of Transportation,
*Respondents.*

(LUBA 90-061; CA A77027)

844 P2d 253

Edward F. Schultz, Albany, argued the cause for petitioners. With him on the brief was Weatherford, Thompson, Quick & Ashenfelter, P.C., Albany.

John T. Gibbon, Civil Deputy District Attorney, Albany, waived appearance for respondent Linn County.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent Oregon Department of Transportation. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Respondent Oregon Department of Transportation (ODOT) applied for, and Linn County granted, an exception to Goal 3, a resource land division and a partition of a farm parcel in an exclusive farm use zone. The county's decision allowed ODOT to locate a highway segment across the parcel. Petitioners appealed to LUBA and contended, *inter alia*, that the decision violated ORS 215.283[1] and corresponding provisions of the county zoning ordinance.[2]

Although LUBA sustained petitioners' assignments of error and remanded the decision to the county, it did not address petitioners' statutory argument. Instead, it held that the Goal 3 exception was inadequate, because it had not been incorporated in the county's comprehensive plan. *See* ORS 197.732(8). However, LUBA explained:

---

[1] The portions of the statute on which petitioners rely provide:

"(1) Subject to ORS 215.288, the following uses may be established in any area zoned for exclusive farm use:

"* * * * *

"(L) Reconstruction or modification of public roads and highways, not including the addition of travel lanes, where no removal or displacement of buildings would occur, or no new land parcels result.

"(m) Temporary public road and highway detours that will be abandoned and restored to original condition or use at such time as no longer needed.

"(n) Minor betterment of existing public roads and highway related facilities such as maintenance yards, weigh stations and rest areas, within right of way existing as of July 1, 1987, and contiguous public-owned property utilized to support the operation and maintenance of public roads and highways.

"* * * * *

"(2) Subject to ORS 215.288, the following nonfarm uses may be established, subject to the approval of the governing body or its designate in any area zoned for exclusive farm use subject to ORS 215.296:

"* * * * *

"(p) Construction of additional passing and travel lanes requiring the acquisition of right of way but not resulting in the creation of new land parcels.

"(q) Reconstruction or modification of public roads and highways involving the removal or displacement of buildings but not resulting in the creation of new land parcels.

"(r) Improvement of public roads and highway related facilities, such as maintenance yards, weigh stations and rest areas, where additional property or right of way is required but not resulting in the creation of new land parcels."

[2] For purposes of the issues discussed in this opinion, the statute, rather than the ordinance, is relevant. *See Forster v. Polk County*, 115 Or App 475, 478, 839 P2d 241 (1992) (and authorities there cited).

"The challenged decision relies on the adoption of an exception to Goal 3 as the justification for not complying with ORS 215.283 and LCZO Article 6. ORS 215.283 and LCZO Article 6 establish the requirements of the county's EFU zone. However, it is Goal 3 that requires exclusive farm use zoning to be applied to the subject agricultural land. We therefore agree with the county that, if an adequate exception to Goal 3 is properly adopted for the proposed highway realignment, then failure to comply with ORS 215.283 and LCZO Article 6 would not provide a basis for reversing or remanding the challenged decision.

"* * * * *

"Because the county did not adopt the challenged goal exception as part of its comprehensive plan, it cannot be a valid exception to Goal 3 or provide justification for not complying with ORS 215.283 and LCZO Article 6." (Footnote omitted.)

Petitioners seek our review, contending that LUBA's rationale was incorrect. According to them, the taking of an exception could not cure the violation of ORS 215.283 that petitioners argue inheres in the allowance of the highway in the EFU zone. Petitioners contend that the quoted language in LUBA's opinion is erroneous to the extent that it says otherwise.

ODOT disagrees with the substance of petitioners' contention that the county's decision is contrary to the statute.[3] It also argues that, because LUBA's disposition based on the exception issue is the same as the one to which petitioners' statutory argument would lead if it were correct, the challenged language is *dictum* that we should not address. ODOT explains:

"The holding does not depend on the balance of LUBA's discussion, and the board's comments about the consequences attending a properly adopted exception are simply intended to help the parties and are not part of the holding. As such, the comments are not reviewable. *Sokol v. City of Lake Oswego*, 100 Or App 594, 786 P2d 1324 (1990). On remand, the county's responsibility is to incorporate the exception into its plan, and whether the county should or

_____

[3] In the light of our disposition, we need not decide the merits of the statutory issue, and we emphasize that nothing in this opinion is meant to imply a view on the merits.

should not change the applicable zone or take other actions is a matter for the county's interpretation quite independently of LUBA's holding."

We do not agree that the language is only *dictum*. It does not simply state a choice between alternative grounds for reaching the same result. Rather, it shapes the scope of the remand and, in effect, excuses consideration of whether the approval of the highway is permitted by the statute. All that LUBA requires the county to do on remand is to formalize its exception in the required manner. At least in the absence of more explanation by LUBA, we do not agree that a Goal 3 exception necessarily makes ORS 215.283 inapplicable to the county's decision.

ORS 215.283 applies by its terms to land uses in EFU zones and, together with ORS 215.213, it lists the exceptions to farm use that are allowable in those zones.[4] ORS 215.203(1). The county's decision does not purport to change the EFU zoning of the property in question. More to the point, an exception to Goal 3 would not automatically effect or authorize a zone change. The exception that the county attempted to take—and the only kind that these circumstances could warrant—was specific to the highway segment site. Neither the farm use nor the zoning of the portions of the parcel on either side of the highway will be changed by the presence of the proposed highway. EFU zoning does not apply only to land that has been so zoned and that remains in active farm use. Indeed, there would be no reason for ORS 215.213 and ORS 215.283, if that were the case. Their purpose is to authorize and regulate incidental and nonfarm uses in EFU areas. The zone does not change on specific land within those areas simply because a nonfarm use is permitted on it. Although we do not now foreclose all possibility that the county might properly adopt a zone change, we do conclude that an adequate Goal 3 exception does not *ipso facto* necessitate one, *see* ORS 197.732(8)(a), and, without one, ORS 215.283 remains as applicable as it would be in the absence of the goal exception.

---

[4] As indicated in note 3, *supra*, we do not imply agreement or disagreement with ODOT's argument on the merits about other statutes that may be relevant to the permissibility of the highway. We hold only that the goal exception does not render ORS 215.283 irrelevant.

The decisive question in the case *might* be the opposite of the one that LUBA answered: If, as petitioners argue, ORS 215.283 forbids the approval of the highway, an exception to Goal 3 to allow that use might not be justifiable. Be that as it may, the statute and the goal are not wholly overlapping in what they regulate, and to satisfy or eliminate the application of the latter does not necessarily satisfy the former or make it inapplicable. *See 1000 Friends of Oregon v. LCDC (Polk Co.)*, 77 Or App 590, 714 P2d 252 (1986).

In summary, LUBA did not reach the statutory argument that petitioners made to it, and the reason that it gave for not doing so is either incorrect or its correctness is not demonstrated by LUBA's opinion. A remand is necessary for LUBA either to resolve the argument or to explain in greater detail why an exception would obviate the need for construing and applying ORS 215.283.[5]

Reversed and remanded for reconsideration.

---

[5] LUBA's statement that Goal 3 is the source of the requirement of EFU zoning does not constitute the necessary explanation. Even assuming the correctness of the statement, *but see* ORS 215.203(1); *Meyer v. Lord*, 37 Or App 59, 586 P2d 367 (1978), *rev den* 286 Or 303 (1979), the fact that the goal might have required the original EFU zoning of the area does not demonstrate how or why a site specific exception would necessarily support a *change* in the existing EFU zoning.