Argued and submitted May 13, affirmed July 3, 1996

## SCHROCK FARMS, INC.,
Vernon Schrock and Dean Schrock,
*Petitioners,*

*v.*

## LINN COUNTY
and Oregon Department of Transportation,
*Respondents.*

(95-058; CA A92655)

919 P2d 519

Edward F. Schultz argued the cause for petitioners. With him on the brief was Weatherford, Thompson, Quick & Ashenfelter, P.C.

John T. Bagg argued the cause for respondent Oregon Department of Transportation. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance for respondent Linn County.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Petitioners seek review of LUBA's affirmance of Linn County's Goal 3 exception and comprehensive plan amendment, which allow respondent Oregon Department of Transportation (ODOT) to construct a highway realignment on property of petitioners that is in an exclusive farm use (EFU) zone and that is the subject of a pending condemnation action brought by ODOT. We affirm.

The controversy between the parties has been before us three times earlier. In *Schrock Farms, Inc. v. Linn County*, 121 Or App 561, 855 P2d 648 (1993), and *Schrock Farms, Inc. v. Linn County*, 117 Or App 390, 844 P2d 253 (1992), we considered petitioners' challenges to related county land use decisions. Those cases are of historical relevance to the present proceeding, but do not bear directly on anything requiring discussion here. Of greater immediate significance is *ODOT v. Schrock Farms*, 140 Or App 140, 914 P2d 1116 (1996). In that case, the trial court had dismissed the condemnation action, and ODOT appealed. We stated:

> "The controlling question on appeal is whether ODOT has authority to condemn property on which it intends to build a highway if, at the time that ODOT acts, the applicable zoning and other land use regulations do not permit the building of the highway." *Id.* at 143.

We answered that question affirmatively and also noted that the applicable law had changed in significant respects between the time that the action was brought and the time of our decision. Therefore, we reversed the dismissal and reinstated the condemnation action.

The only argument that petitioners make here that calls for discussion is in some ways the mirror image of the question we described in *ODOT*. Petitioners argue that, because the condemnation action has not yet resulted in a judgment, and notwithstanding the fact that ODOT has taken possession of the property pursuant to ORS 35.265, it does not have the interest in the property necessary to allow it to seek land use approvals from the county. Petitioners rely on provisions of the county zoning ordinance that allow only owners of property, or those acting with their authority, to

submit applications, and that define "ownership" to "mean the existence of a legal or equitable title to land." Petitioners assert that ODOT is not an "owner," within the meaning of those provisions, because it has not yet obtained title through a final judgment in the condemnation action.

Even assuming that petitioners' present argument was preserved before LUBA, it fails for two reasons. First, the county governing body considered the local provisions and concluded that ODOT had the requisite equitable interest under them to apply for the land use decisions in question. Petitioners do not cite ORS 197.829(1) or related case law, much less demonstrate that we are not required to defer to the governing body's interpretation under that authority.[1]

■ Second, even if the local provisions by their terms could be read to prevent ODOT from making the applications as petitioners assert, the effect would be that ODOT could not gain the necessary approvals to put the property to a public use until it had already acquired the property through a judgment in the condemnation proceeding. ODOT argues that the resulting Catch-22 situation would effectively nullify significant aspects of the state condemnation statutes, *e.g.*, ORS 35.265, and a "county ordinance should not be read to repeal a state law." We agree. In addition to being nonreversible under ORS 197.829, the county's understanding of its ordinance is the only plausible one under the circumstances.

Petitioners argued to LUBA that, even if ODOT had the necessary interest to apply to the county at the time that it did, that interest dissipated when the condemnation action was dismissed. LUBA rejected that argument. Assuming that petitioners still adhere to the argument, it is not tenable in the light of our subsequent reversal of the dismissal in *ODOT*.

We have considered petitioners' other arguments and do not find them persuasive.

Affirmed.

---

[1] ODOT also did not address this issue. However, because it goes to the scope of our review authority, we raise it *sua sponte*.