## IN THE COURT OF APPEALS OF TENNESSEE

### AT KNOXVILLE

FILED

May 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| BILL McMURRY, | ) | HANCOCK CHANCERY |
| | ) | |
| Plaintiff/Appellant | ) | NO.  03A01-9804-CH-00148 |
| | ) | |
| v. | ) | HON. WILLIAM DALE YOUNG |
| | ) | Chancellor, By Interchange |
| HANCOCK COUNTY ELECTION | ) | |
| COMMISSION, JOHN KNOX | ) | |
| WALKUP, ATTORNEY GENERAL | ) | |
| OF TENNESSEE, and the | ) | |
| ELECTION COMMISSION of the | ) | |
| STATE OF TENNESSEE, | ) | AFFIRMED |
| | ) | |
| Defendants/Appellants | ) | |

William A. Zierer, Morristown, for Appellant.
Janie C. Porter, Assistant Attorney General, Nashville, For Appellees.

## O P I N I O N

INMAN, Senior Judge

The appellant, a nonlawyer, was elected to the office of General Sessions Judge of Hancock County in the August 1990 general election.

He timely filed a qualifying petition for the May 5, 1998 primary election, seeking the Republican nomination in the August 1998 general election.

A resident licensed attorney, Floyd Rhea, filed a timely qualifying petition as an independent candidate for the office.

The Hancock County Election Commission ruled that Judge McMurry was not statutorily qualified to hold the office and hence not entitled to seek it under T.C.A. § 16-15-5005, which provides:

(a) Notwithstanding any other provision of law to the contrary, effective September 1, 1990, all persons occupying the office of general sessions judge shall be licensed to practice law in this state. Any person serving in the office of general sessions judge on August 1, 1990, who is not a licensed attorney may seek reelection to such position and serve as a general sessions judge as long as such person is continuously reelected. If a vacancy occurs in the office of a non-attorney general sessions judge elected pursuant to this section, such vacancy shall be filled by a person licensed to practice law and the qualifications set out in the first sentence of this section shall thereafter apply to such position.

(B) Notwithstanding the provisions of this section, if a vacancy occurs in the office of general sessions judge and no licensed attorney appears at the meeting when the vacancy is being filled by the county legislative body and offers to become a candidate for the office, the vacancy may be filled by a person not licensed to practice law. If no licensed attorney qualifies for an election being held to fill the office of general sessions judge, or the only attorney candidate legally withdraws, the county election commission shall extend the qualification deadline for a period of ten (10) days, during which period persons not licensed to practice law may qualify to seek the office of general sessions judge. The provisions of the second sentence of this subsection shall not apply in counties having a population of not less than fifty-one thousand twenty-five (51,025) nor more than fifty-one thousand one hundred twenty-five (51,125) according to the 1980 federal census or any subsequent federal census.

[Acts 1988, ch. 698; 1990, ch. 637; 1990, ch. 862; 1990, ch. 1017.]

His qualifying petition being rejected, Judge McMurry thereupon filed a complaint for injunctive relief, which was denied. He appeals, insisting that (1) the Election Commission is estopped from relying on T.C.A. § 16-15-5005, (2) the voters of Hancock County would be deprived of equal protection of the law because there is no rational basis to deny them a choice between a lawyer Judge with no judicial experience and a nonlawyer Judge with eight years of experience, and (3) the refusal to allow him to seek re-election to the office deprives him of equal protection, since the statute permits other nonlawyer Judges to seek reelection.

Where there is no conflict in the evidence as to any material fact, the question on appeal is one of law, and the scope of review is *de novo* with no

presumption of correctness accompanying a chancellor's conclusions of law. *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87 (Tenn. 1993).

**I**

The issue of estoppel was not raised at the trial and cannot be raised for the first time on appeal. *Lawrence v. Stanford,* 655 S.W.2d 927 (Tenn. 1983). Nonetheless, we are constrained to observe that the doctrine is inapplicable to this case, because Judge McMurry was not induced to forego a property right and there is no evidence of an implied contract which would justify the application of the doctrine. *See, Elizabethton Housing & Development Agency, Inc. v. Price,* 844 S.W.2d 614 (Tenn. App. 1992). Moreover, estoppel generally does not apply to acts of public agencies. *State ex rel Moulton v. Williams,* 343 S.W.2d 857 (Tenn. 1961). His argument that since he was also ineligible to seek the office in 1990 - being neither a lawyer nor an incumbent - the Election Commission "caused him to continue his run for election anyway," thereby forever waiving, as to him, the statutory requirements, arrogates a certain proprietorship in the office the impermissibility of which needs no analysis.

**II**

Judge McMurry next argues that T.C.A. § 16-15-5005 is unconstitutional class legislation which deprives him of equal protection of the laws. Other than residency requirements, ART. VI, sect. 4 of the Constitution of Tennessee mandates only a minimum age for Judges of inferior courts.

The requirement that a Judge shall be a licensed attorney was legislated by the General Assembly, whose authority to do so is settled beyond peradventure. In *LaFever v. Ware,* 365 S.W.2d 44 (Tenn. 1963), and *Perry v. Lawrence County Election Commission, 411 S.W.2d 538* (Tenn. 1967), the Supreme Court held that the Legislature may lawfully prescribe qualifications

for Judges that are reasonable, and the requirement that a Judge shall be a licensed attorney was upheld.

### III

The appellant finally argues that T.C.A. § 16-15-5005 effectively strips the voters of Hancock County of their "inalienable right of suffrage" because the State has imposed on them an "election with only one eligible candidate." This action is assailed as insidious because "Hancock County has 7700 citizens and only one qualifying resident lawyer." We see no denial of the right to suffrage; the voters are free to vote or not vote, as they choose. The choice may be limited in 1998 owing to the circumstances, but this does not invalidate the mandated requirement that the General Sessions Judge shall be a licensed attorney, subject to the exceptions noted.

The judgment is affirmed at the costs of the appellant.


_____
William H. Inman, Senior Judge

CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Charles J. Susano, Jr., Judge