IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 15, 2005 Session

## GEORGE HUTSELL AND TERESA HUTSELL, v. JEFFERSON COUNTY BOARD OF ZONING APPEALS

**Direct Appeal from the Chancery Court for Jefferson County**
**No. 18,446        Hon.  Richard Vance, Chancellor**

**No. E2004-00968-COA-R3-CV  - FILED APRIL 26, 2005**

Plaintiffs obtained a permit and built a "garage and storage building" on their property.  The zoning officer received complaints after the building was built, and the Board of Zoning Appeals determined that plaintiffs' use of the building was not allowed in the zoning classification.  On certiorari, the Trial Judge affirmed the Board of Zoning Appeals' decision and enjoined plaintiffs from using the building in violation of the zoning ordinance.  On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and SHARON G. LEE, J., joined.

Clinton R. Anderson, Morristown, Tennessee, for appellant.

S. Douglas Drinnon, Jeffrey L. Jones, and Larry Ray Churchwell, Dandridge Tennessee, for Appellee.

### OPINION

In April 2001, Plaintiff Hutsell applied for and received a permit to construct an accessory storage building on his property.   The subject property is zoned A-1 (Agricultural-Forestry); and the designated uses are for "single family houses, duplexes, agricultural uses and sales including barns, storage sheds, . . . neighborhood commercial convenience uses including barber and beauty shops, gasoline stations. . . repair shops. . ."  George Hutsell represented that he intended to

place hay, antique cars, and storage in the building. The resulting metal building was 48 x 150, with large warehouse-type doors and a concrete loading dock. He subsequently used the building for warehousing tractor-trailer loads of doors and other materials for his retail building supply store in Morristown. He admits that when he applied for the building permit he never told the zoning compliance officer that he would be warehousing doors for his commercial business.

Hutsell was cited to the Board of Zoning Appeals for being in violation of the Jefferson County Zoning Ordinance, § 9.3. The Board of Zoning Appeals (BZA) determined that the building's use was in violation of § 9.3. Plaintiffs petitioned the Circuit Court for a writ of certiorari, which was granted, but relief was denied. The plaintiffs were also enjoined from using the property as commercial storage or warehouse for their business operation in Morristown. This appeal followed.

Plaintiffs raise these issues on appeal:

1. Did the Board of Zoning Appeals meet the requirements of Tenn. Code Ann. § 8-44-104, which requires that minutes of a governmental body be "fully recorded"?

2. Is the Jefferson County Zoning Ordinance unconstitutionally vague insofar as its definition citing uses allowed in A-1 zones?

3. Was the decision of the Board of Zoning Appeals arbitrary?

4. Do the standards of review of the actions of zoning boards violate Article 1, Section 17 of the Tennessee Constitution?

5. Was the use of the property prior to the adoption of the zoning ordinance such that it could be expanded, or was otherwise "grandfathered" pursuant to Tenn. Code Ann. § 13-7-208(c)?

Whether the particular use meets the requirement of a zoning ordinance is an administrative or quasi-judicial function. *McCallen v. City of Memphis*, 786 S.W.2d 633, 640 (Tenn.1990); *citing Mullins v. City of Knoxville*, 665 S.W.2d 393, 396 (Tenn. Ct. App. 1983); *Hutcherson v. Lauderdale County Bd. of Zoning Appeals*, 121 S.W.3d 372, 376 (Tenn. Ct. App. 2003).

It is well-settled that the judicial review of decisions of the local Board of Zoning Appeals is via the common law writ of certiorari. *City of Brentwood v. Metropolitan Bd. of Zoning Appeals,* 149 S.W.3d 49, 57 (Tenn. Ct. App. 2004). The scope of judicial review under the common law writ of certiorari is narrow, and limited to whether the inferior tribunal has exceeded its jurisdiction, or has acted illegally, arbitrarily, or fraudulently. *McCallen v. City of Memphis,* 785 S.W.2d 633, 638 (Tenn. 1990); *Hoover Motor Exp. Co. v. Railroad and Public Util. Comm'n,* 261 S.W.2d 233, 238 (Tenn. 1953). The issues are questions of law, and we review *de novo* with no

presumption of correctness afforded to the trial court's ruling. *Case v. Shelby County Civil Service Merit Bd.,* 98 S.W.3d 167, 172 (Tenn. Ct. App. 2002). If "any possible reason" exists to justify the board's decision, this court must affirm. *McCallen,* 786 S.W.2d at 641; *McRae v. Knox County,* 2004 WL 1056669 at *3 (Tenn. Ct. App. May 7, 2004).

Plaintiffs argue that the proceedings before the Board of Zoning Appeals should have been fully recorded, and were concerned that a statement made by the State Planner, to the effect that "it is difficult to know where to draw the line between repair shop and industry" was not included in the meeting's minutes. At the hearing before the Trial Court, the State Planner affirmed making the comments.

Tenn. Code Ann. § 8-44-104[1] provides that the minutes of any meeting subject to the Open Meetings Act shall be "promptly and fully recorded." Plaintiffs seek to have this Court construe the language to mean "complete and exact." Significantly, the statute does not state that the proceedings must be recorded by audio, video, or otherwise. Appellants' proposed construction of Tenn. Code Ann. § 8-44-104 overlooks that it is the "minutes" that are to be "promptly and fully recorded," not the entire proceedings. "Minutes" is defined as "Memoranda or notes of a transaction or proceedings. Thus, the record of the proceedings at a meeting of directors or shareholders of a company is called the 'minutes.'" Black's Law Dictionary, 6th ed. at 998.

Assuming *arguendo* that the minutes are incomplete as plaintiffs contend, extrinsic evidence may be admitted to supply omissions in records or minutes of a meeting, especially where there is no dispute that a particular event occurred. *See, e.g.*, *Cagle v. Wheeler,* 242 S.W.2d 338 (Tenn. Ct. App. 1951); *Foust v. May,* 660 S.W.2d 487 (Tenn. 1983).

Plaintiffs had the opportunity to introduce any evidence they felt was omitted from the minutes before the Trial Court, and they did cross examine the witness, who did not deny the comments attributed to him. The Appellants' argument, as framed in the context of the Open Meetings Act, is without merit.

Next, appellants argue the ordinance is unconstitutionally vague, and insist that the terms "repair shop" and "storage shed" are vague and overbroad. They point to the phrases "agricultural uses and sales including. . ." and "neighborhood convenience uses including. . . ". They assert that such imprecision results in the BZA acquiring an impermissible degree of discretion.

Zoning ordinances are construed using the same principles employed to construe statutes. *Tennessee Manufactured Hous. Ass'n v. Metropolitan Gov't.,* 798 S.W.2d 254, 260 (Tenn. Ct. App. 2000). If an ordinance is so vague that persons of common intelligence must necessarily guess at its meaning, it will not pass constitutional scrutiny. *Board of Commissioners of Roane*

---

[1]**Tenn. Code Ann. § 8-44-104:**

(a) The minutes of a meeting of any such governmental body shall be promptly and fully recorded, shall be open to public inspection, and shall include, but not be limited to, a record of persons present, all motions, proposals and resolutions offered, the results of any votes taken, and a record of individual votes in the event of roll call.

*County v. Parker,* 88 S.W.3d 916, 923 (Tenn. Ct. App. 2002). However, "a land use regulation that can be upheld by giving it a reasonable construction will not be declared void for uncertainty." *Smith County v. Enoch,* 2003 Tenn. App. Lexis 156 at * 24 (Tenn. Ct. App. Feb. 26, 2003). Moreover, when the "evil sought to be prevented is apparent a reasonable construction of the language employed is justified, and uncertainty can frequently be removed by resort to the context, instead of attempting to construe the words by themselves." *State v. Sanner Contracting Co.,* 514 P.2d 443, 445-46 (Ariz. 1973). Courts do not void enactments on vagueness grounds merely because they could have been drafted with greater readability. *State v. Wilkins,* 655 S.W.2d 914, 915 (Tenn. 1983).

The construction of a zoning ordinance and its application to a particular circumstance are questions for the local officials to decide. *Whittemore v. Brentwood Planning Comm'n.,* 835 S.W.2d at 16, *citing Sokol v. City of Lake Oswego,* 786 P.2d 1324, 1325 (Or. Ct. App. 1990). The ordinance in question, while inartfully drafted, uses ordinary language capable of ordinary and common understanding. The terms "storage shed" and "repair shop" are common every day terms and when considered in the context of the ordinance, the intent is clear. It was appropriate for the BZA to take into account any misrepresentations made by the plaintiffs in disclosing the nature of the proposed building and its intended use when obtaining initial approval. *Lafferty v. City of Winchester,* 46 S.W.3d at 760. Plaintiff Hutsell admitted that he attempted to have the property re-zoned as C-2 in order accommodate his warehousing purposes. He also conceded that he claimed to the BZA that the building was used as a repair shop in order to fit within the A-1 classification. Plaintiff's own testimony suggests that he understood the meaning and intent of the ordinances, and we conclude this issue is without merit.

Plaintiffs next argue that the BZA acted arbitrarily by finding that the building in question was not a storage shed or a repair shop within the meaning of the zoning resolutions.

The "illegal, arbitrary and capricious" standard applicable to quasi-judicial acts of inferior tribunals is essentially the same as the "fairly debatable, rational basis" standard applied to legislative acts, and "requir[es] considerable deference to the decision of the governmental authority." *McCallen,* 786 S.W.2d at 640. "In either instance, the court's primary resolve is to refrain from substituting its judgment for that of the local governmental body." *Id. at 641.* The local bodies' decisions are presumed valid and a heavy burden of proof rests on the party challenging the actions. *Id.* at 642.

The decision of a local zoning board is deemed arbitrary only when there is no evidence in the record to support it. *Lafferty,* 46 S.W.3d at 759. Plaintiff Hutsell's own testimony in the record establishes a basis for the BZA's decision that his use of the building was in violation of the purpose and intent of the zoning regulations. There is material evidence in the record before us which forms a rational basis for the Board's decision. *Laffery*, 46 S.W.3d 760.

Next plaintiffs argue the standard of review of a board or commission's decision under the writ of certiorari procedure violates the "open courts" clause of the Tennessee Constitution,

Art. I, sec. 17. [2] They contend that by limiting review of the Board's decisions to the arbitrary, capricious, or illegal test, a citizen has no meaningful access to the courts. This argument misapprehends the nature and scope of the common law writ of certiorari.

In order for a statute to be invalid, it must plainly be obnoxious to some constitutional provision, *Perry v. Lawrence County Election Comm'n*, 411 S.W.2d 538 (Tenn. 1967). In this case, appellants attack the constitutionality of a doctrine and long standing procedure which is sanctioned in the Tennessee Constitution and recognized by the General Assembly. *See* Article VI, § 10 of the Tennessee Constitution, and Tenn. Code Ann. § 27-8-101. The common law writ is "nothing more and nothing less than the ancient common law writ of certiorari dating from remote antiquity." *Windsor v. DeKalb County Bd. Of Educ.*, 2004 WL 875263 at *4 (Tenn. Ct. App. Apr. 22, 2004). For this reason and the failure of plaintiffs to follow the proper procedure for challenging the validity of a statute rule or regulation, *See* Tenn. R. Civ. P. 24.04 and Tenn. R. App. P. 32, Tenn. Code Ann. § 29-14-107(b), the issue is without merit.

Plaintiffs' final issue is that the building's use is grandfathered by virtue of the pre-existing and non-conforming use of the barn on the property, pursuant to Tenn. Code Ann. § 13-7-208(c). They contend that the present use is actually an expansion of the pre-existing use, even though the evidence showed that Plaintiffs never obtained a business license for the activities and use related to the barn, as he did for the building in question. At trial, counsel conceded that he had not proved the grandfathering of a repair shop, and limited his theory to the "expansion" of a pre-existing non-conforming use. This concession is binding upon the appellant. *Town of Surgeoinsville v. Sandidge,* 866 S.W.2d 553, 555 (Tenn. Ct. App. 1993). On this issue, plaintiffs' argument consists of a bald assertion that the Trial Court erred. There is no citation pointing to the alleged error, and no citation to authority as to why the Trial Court may have been in error. *See, Utter v. Sherrod,* 132 S.W.3d 344, 352 (Tenn. Ct. App. 2003). This issue is also without merit.

The Judgment of the Trial Court is affirmed, and the cost of the appeal is assessed to George Hutsell and Teresa Hutsell.

 

 

 

HERSCHEL PICKENS FRANKS, P.J.

---

[2] **§ 17. Remedies in courts, suits against state**

That all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay. Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct.

*Const. Art. 1, § 17*