IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 4, 2019 Session

## 150 4TH AVE N TENANT LLC DBA WEWORK v. THE METROPOLITAN NASHVILLE BOARD OF ZONING APPEALS ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 17-1287-I      Claudia Bonnyman, Chancellor**

———————————————————

**No. M2019-00732-COA-R3-CV**

———————————————————

W. NEAL MCBRAYER, J., concurring in part and dissenting in part.

Because I conclude that Regions Bank had standing to challenge the issuance of the sign permit to 150 4th Ave N Tenant LLC ("WeWork"), I respectfully dissent from that portion of the opinion. As did the trial court, I would hold that the Metropolitan Board of Zoning Appeals acted arbitrarily and capriciously in revoking the WeWork sign permit. But like the majority, I agree that the issue of the brightness of the skyline signs was not properly before the BZA, so I concur in that portion of the opinion.

Appeals to boards of zoning appeals "may be taken by any person aggrieved . . . by any . . . act or decision of . . . the municipality or other administrative official." Tenn. Code Ann. § 13-7-206(b) (2019). The use of the term "aggrieved" in the statute "reflects an intention to ease the strict application of the customary standing principles." *City of Brentwood v. Metro. Bd. of Zoning Appeals*, 149 S.W.3d 49, 57 (Tenn. Ct. App. 2004). So the Court of Appeals has interpreted the term broadly. *See id.* In my view, as a tenant of the building on which the proposed skyline signs are to be erected, Regions was sufficiently aggrieved to have standing.

As the majority explains, the BZA granted Regions's appeal of the sign permit on two grounds, only one of which was properly before the BZA. Regions complained that the WeWork signs would exceed the maximum allowable square footage for skyline signage under the Downtown Code of the Zoning Code for Metropolitan Nashville and Davidson County. *See* Chapter 17.37 of the Metropolitan Nashville and Davidson County Zoning Code, Ordinance No. BL2009-586 (2010) (hereinafter "Downtown Code").

Section V of the Downtown Code specifies sign standards. The standards provide that "(t)he maximum sign area for each type of sign is determined by the Street Type." Downtown Code, § V at 110. The Downtown Code recognizes five street types: "Pedestrian Streets," "Gateway Streets," "Transitional Streets," "Interstate," and "Printers' Alley." *Id.* at 106. For all street types, the sign area for skyline signs, signs that are "attached flat to or mounted away from the building façade," is determined by reference to the average height of the building on which the sign is to be mounted. *Id.* at 109-10. And in each instance, the maximum allowed sign area for a building 201 feet or taller is 720 square feet. *Id.* When a lot fronts on two or more streets, the lot is allowed the maximum allowed sign area for each street. Metro. Nashville and Davidson Cty. Zoning Code, Chapter 17.32.160(I) (Mar. 2017) (hereinafter "Zoning Code").

The critical issue in this case is whether the building in question, One Nashville Place, has frontage on two streets or three. One Nashville Place is located at the intersection of 4th Avenue North and Commerce Street. But it also abuts Printers' Alley. According to Regions, Printers' Alley should not be included as street frontage; according to WeWork, it should. If Regions is correct, the maximum allowable skyline signage is 1,440 square feet (720 square feet multiplied by two streets). If WeWork is correct, the maximum allowable skyline signage is 2,160 square feet (720 square feet multiplied by three streets). Regions already has two skyline signs on the building that occupy a total of 990 square feet of the maximum allowable skyline footage, so the difference in the parties' positions means that WeWork either has 450 or 1,170 square feet available for its signs. WeWork concedes that its proposed signs "arguably" total 990 square feet.[1]

Although Printers' Alley is a recognized "street type" for purposes of the sign standards of the Downtown Code, Regions argues that the segment of Printers' Alley abutting One Nashville Place is not included as part of the "Printers' Alley" street type. Its argument is founded on the Downtown Code's "Map of Street Types for Signage Standards." *See* Downtown Code, § V at 107. On the map, Printers' Alley is colored in green, but not the segment of Printers' Alley between Church Street and Commerce Street. *Id.* Regions also notes that the Downtown Code describes Printers' Alley "[a]s a public, pedestrian-only street with businesses on the ground floor and upper floors, " *id.* at 106, and the portion of Printers' Alley abutting One Nashville Place "does not fit this description." In other words, the portion of Printers' Alley abutting One Nashville Place is more "alley" and less Printers' Alley; "frontage" does not include alleys. *See* Zoning Code, Chapter 17.04.060 (defining the term "Frontage").

---

[1] WeWork contends that its signage was improperly measured. I find it unnecessary to address the proper measurement of the WeWork signage. Under my reading of the Downtown Code, the WeWork signage would be permissible under its "arguable" size of 990 square feet.

2

The BZA accepted Regions's interpretation of the Downtown Code and concluded that only a portion of Printers' Alley constituted the Printers' Alley street type. This Court has acknowledged that "[t]he meaning of a zoning ordinance and its application to a particular circumstance are, in the first instance, questions for the local officials to decide." *Whittemore v. City of Brentwood Planning Comm'n*, 835 S.W.2d 11, 16 (Tenn. Ct. App. 1992) (citing *Sokol v. City of Lake Oswego*, 786 P.2d 1324, 1325 (Or. Ct. App. 1990)). But ultimately "[t]he courts . . . must . . . take responsibility for construing . . . ordinances." *Id.*

I conclude that the Downtown Code is clear and that the Printers' Alley street type includes Printers' Alley, even that portion abutting One Nashville Place. *See id.* at 15. Although the "Map of Street Types for Signage Standards" could be seen as contradicting the text of the Downtown Code, the Zoning Code specifies that text controls over figures in the case "of any difference of meaning or implication." Zoning Code, Chapter 17.04.050(L) (Mar. 2015). The portion of Printers' Alley abutting One Nashville Place may not include businesses on the ground floor and upper floors, but the same is also true of other portions of Printers' Alley highlighted in green on the "Map of Street Types for Signage Standards." The character of that portion of the alley does not justify ignoring the fact that it is named "Printers' Alley."

Because I concur with the majority that the issue of the brightness of the WeWork signage was not properly before the BZA, no remand is necessary for reconsideration of that issue. In light of my conclusion that Regions had standing and of my reading of the Downtown Code, I would remand the case to the trial court with instructions to reverse the BZA.

_____
W. NEAL MCBRAYER, JUDGE

3